NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MARQUEX BARRETT, | : Civil Action No. 10-1139 (NLH-KW) |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DELAWARE DEPARTMENT OF | : |
| CORRECTION, et al., | : |
| | : |
| Defendants. | : **O P I N I O N** |
| | : |

**APPEARANCES:**

> MARQUEX BARRETT, Plaintiff pro se
> Wilmington, Delaware 19801

**HILLMAN**, District Judge

Plaintiff Marquex Barrett ("Barrett"), who proceeds pro se,
filed a civil rights Complaint pursuant to 42 U.S.C. § 1983[1]
alleging false imprisonment and illegal detention. At this time,
the Court will review the Complaint pursuant to 28 U.S.C. §
1915(e)(2) to determine whether it should be dismissed as
frivolous or malicious, for failure to state a claim upon which
relief may be granted, or because it seeks monetary relief from a
defendant who is immune from such relief. For the reasons set
forth below, the Court will dismiss the Complaint for failure to

---

[1]When bringing a § 1983 claim, a plaintiff must allege that
some person has deprived him of a federal right, and that the
person who caused the deprivation acted under color of state law.
West v. Atkins, 487 U.S. 42, 48 (1988).

state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and will give Barrett leave to amend his Complaint.

## I. **Standard of Review**

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Barrett proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R.

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Barrett leave to amend his Complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  See Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  Id. at 1949.  When determining whether dismissal is appropriate, the Court conducts a two-part analysis.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated.  Id.  The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Id. at 210-11.  Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Barrett has a "plausible claim for relief."[2]  Id. at 211.

_____

[2]A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal,129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant

In other words, the Complaint must do more than allege Barrett's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. **Plaintiff's Allegations**

Barrett alleges that he was arrested for "something he didn't do," and the charges were "dropped." Barrett was held at the Howard R. Young Correctional Institution ("HYRCI") in Wilmington, Delaware. The charges violated Barrett's probation, but on November 16, 2010, the court dismissed his probation. Barrett alleges illegal detention and false imprisonment for over one month, without just cause. He seeks compensatory and punitive damages.

## III. **Discussion**

Barrett names as defendants the Delaware Department of Correction ("DOC") Bureau of Prisons ("BOP") and the HRYCI. The Eleventh Amendment provides both Defendants immunity. See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir.

---

has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See Board of Trustees of the Univ. of Al. v. Garrett, 531 U.S. 356, 363 (2001); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979) (section 1983 was not intended to abrogate a State's Eleventh Amendment immunity); Brooks-McCollum v. Delaware, 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (The State of Delaware has not waived its immunity from suit in federal court).

The DOC and HYRCI, as agencies of the State of Delaware, are immune from suit. Accordingly, the Court will dismiss the Complaint, as it raises claims against defendants who are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B). Since it appears plausible that Barrett may be able to articulate a claim against alternative defendants, he will be given an opportunity to amend his claims. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

IV.  **Conclusion**

For the reasons set forth above, the Court will dismiss the Complaint as it raises claims against defendants who are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B).  Barrett will be given leave to amend his Complaint.

An appropriate Order accompanies this Opinion.


                                    /s/ Noel L. Hillman
                                    **NOEL L. HILLMAN**
                                    **United States District Judge**


Dated: May 19,2011
At Camden, New Jersey